IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVEN C.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI<br>Acting Commissioner of the<br>Social Security Administration,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case Number: 2:21-cv-00248-CMR<br><br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 10). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act) and supplemental security income (SSI) under Title XVI of the Act (ECF 18). After careful review of the record (ECF 15), the parties' briefs (ECF 18, 24, and 25), and arguments presented at a hearing held on August 4, 2022 (ECF 29), the Court concludes that the Commissioner's decision is supported by substantial evidence. As stated on the record at the hearing and as set forth below, Plaintiff's Motion for Review of Agency Action (ECF 18) is DENIED, and the Commissioner's decision is AFFIRMED.

## I.   BACKGROUND

In February 2018, Plaintiff applied for DIB and SSI, alleging a disability beginning January 25, 2017 (Administrative Transcript (Tr.) 21–23, 405). Plaintiff was 46 years old on his alleged disability onset date (Tr. 311). He asserted, among other impairments, degenerative disc disorder, diabetes, obesity, and depression (Tr. 21–23, 405).

Plaintiff's claims were denied on May 29, 2018 (Tr. 204–07) and again on reconsideration on August 23, 2018 (Tr. 210–15). There were two ALJ hearings prior to this matter reaching this court for judicial review. The first ALJ hearing was in November 2019 (Tr. 40–85). In a December 2019 hearing decision, the ALJ issued a fully favorable decision based on Plaintiff's physical impairments (Tr. 183–88). The Appeals Council disagreed with the ALJ's analysis and remanded the case back to the ALJ for further proceedings (Tr. 193–98). The ALJ held a second hearing in September 2020 (Tr. 86–107). The ALJ's decision after the second hearing was issued September 14, 2020 (Tr. 15–39). The decision was unfavorable to Plaintiff (Tr. 15–39).

In his decision, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Plaintiff obtained a GED high school equivalency diploma and, prior to his injuries, worked as a cook and later as a concrete finisher in the construction industry (Tr. 48–51, 53, 78, 94). In 2012, he had a work-related injury. In November 2017, he had spinal surgery for that injury, to correct a desiccated and bulging disc and spinal stenosis that occurred after that 2012 injury. After a period of recovery, Plaintiff continued to experience pain and began struggling with depression as well. The ALJ found that Plaintiff has the severe impairments of degenerative disc disease and obesity (Tr. 22). He also has non-severe impairments of diabetes, irritable bowel syndrome, high cholesterol, and cholecystitis (Tr. 22).

In his residual functional capacity (RFC) finding, the ALJ found that Plaintiff's severe impairments would limit him to a reduced range of light work[1] with the option to sit or stand while remaining on task, and with certain other limitations (Tr. 26). The ALJ determined Plaintiff is not able to return to past relevant work as a concrete finisher (Tr. 30). The ALJ concluded that Plaintiff was not disabled because a person of Plaintiff's age, education, and work experience, with Plaintiff's work-related limitations, could perform other jobs existing in significant numbers in the national economy (Tr. 30–31). The ALJ identified jobs such as assembler of small products, storage rental clerk, and routing clerk (Tr. 30–31).

On February 17, 2021, the Appeals Council denied review (Tr. 1–5). This appeal followed. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court has reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id*. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence

---

[1] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). The full range of light work is "minimally strenuous." *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016).

nor substitute its judgment for that of the ALJ. *E.g.*, *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The doctrine of harmless error could also apply in the "right exceptional circumstance," when "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

### III. DISCUSSION

To establish that he is disabled, a claimant must show that he was unable to engage in any substantial gainful activity due to some medically determinable physical or mental impairment or combination of impairments that lasted, or were expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A). A disabling physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). The claimant has the burden of furnishing medical and other evidence establishing the existence of a disabling impairment. 42 U.S.C. § 1382c(a)(3)(H)(i) (incorporating by reference 42 U.S.C. § 423(d)(5)(A)). The claimant has the initial burden of establishing the disability that prevents him from engaging in his prior work activity. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). After the claimant meets that burden, the burden shifts to the Commissioner to show that the claimant retains the ability to do other work activity and that jobs the claimant could perform exist in the national economy. *Id.* Whether a claimant is disabled under the Act is a decision reserved to the Commissioner alone. 20 C.F.R. §§ 416.920b(c)(3), 416.946(c).

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ's decision summarizes the five-part sequential evaluation process. A claimant's residual functional capacity (RFC) is

determined in the third step of the process. *Id.* The RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. A person's RFC is the most a claimant can do, despite symptoms from his impairments. 20 C.F.R. § 416.945(a)(1).

Plaintiff contests the ALJ's RFC determination in this case. Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not properly evaluate the opinions of (1) a physical therapist, Patrick Johnson and (2) a mental health counselor, Terri Iman-Miles (Tr. 619–21, 652–53). For both opinions, Plaintiff alleges the ALJ discounted the opinions for appearing as check-the-box forms without considering the underlying records. Mr. Johnson filled out a physical assessment form in March 2018, suggesting that Plaintiff could sit, stand, or walk one hour or less in an eight-hour workday; would need unscheduled five to ten minute breaks two to three times every hour during the workday; could occasionally lift ten pounds; had reaching limitations; and would miss work more than four times a month due to chronic low back pain (Tr. 652–53). Counselor Iman-Miles filled out a mental capacity assessment form that enumerated twenty-two different mental functional abilities falling under four broad categories (Tr. 619–21). She checked boxes on the assessment form indicating Plaintiff had marked limitations[2] in ten out of twenty-two areas of mental functioning, moderate limitation in the ability to respond to social cues, and the remaining categories were "unknown" (Tr. 619–21). The ALJ found both of these assessments unpersuasive (Tr. 29). The Court has considered

---

[2] The form defined "marked" as meaning "[y]our functioning in this area independently, appropriately, effectively, and on a sustained bases is seriously limited" (Tr. 619).

5

Plaintiff's arguments and the ALJ's analysis and finds that the decision was supported by substantial evidence.

Because Plaintiff applied for benefits after March 27, 2017, the ALJ applied the revised regulations for evaluating medical evidence that differ substantially from prior regulations. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844 (Jan. 18, 2017). The current Social Security regulations impose no hierarchy among the sources offering medical opinions and give no deference to any opinion, even those from the claimant's own doctor. 20 C.F.R. § 404.1520c(a). The ALJ considers the persuasiveness of opinion evidence utilizing the factors outlined in the regulations. *Id.* There are five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. § 404.1520c(c); *id.* § 416.920c(c). "The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability [and] consistency." 20 C.F.R. § 404.1520c(b)(2). While there are five factors, the ALJ is only required to articulate the supportability and consistency factors in its determination. *See* 20 C.F.R. § 404.1520c(b)(2), (3); ); *id.* § 416.920c(b)(2), (3).

**A. The ALJ Adequately Considered the Opinion of Mr. Johnson**

The Court finds that the ALJ's assessment of Mr. Johnson's opinion is supported by substantial evidence. Both parties recognize in their briefing that when evaluating check-the-box forms, the underlying records must be considered. *Simmons v. Colvin*, 635 F. App'x 512, 515 (10th Cir. 2015). Check-the-box forms can unpersuasive when not supported by the medical evidence. *Johnson v. Commissioner*, 764 F. App'x 754, 759–60 (10th Cir. 2019). In this case, the ALJ

considered the underlying treatment records, other opinion evidence, and prior administrative medical findings and concluded Mr. Johnson's opinion was unpersuasive.

Turning first to the supportability factor, the ALJ reasonably found that Mr. Johnson's opinion was not "well supported with sufficient explanation in the checkbox form" and "not supported by his treatment notes" (Tr. 29). *See* 20 C.F.R. § 404.1520c(c)(1), 416.920c(c)(1) (requiring the ALJ to consider relevant objective medical evidence). Here, the ALJ noted the example of a treatment note dated nine days prior to the opinion. That earlier treatment note indicated Plaintiff performed all the physical therapy exercises required, and Plaintiff reported feeling good after treatment with no increase in pain or problems (Tr. 29, 584–85). Plaintiff asserts on appeal that this was not an adequate "supportability" analysis under the regulations. The Court disagrees. The ALJ did not discount the opinion because of the checkbox format as Plaintiff contends. Rather, the ALJ determined the opinion in the checkbox form was not supported by a sufficient explanation or by Plaintiff's other recent treatment notes (Tr. 29). This was a proper consideration of objective material in the medical records under agency regulations.

Turning next to the consistency factor, the ALJ reasonably found that Mr. Johnson's opinion was inconsistent with other evidence found in the record, including treatment notes at the time the opinion was written (Tr. 29). *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (requiring the ALJ to consider consistency with other evidence found in the record). For example, the ALJ reasonably noted that one month prior to the opinion, Plaintiff was noted to have normal gait, full strength, and intact sensation (Tr. 29, 585, 607, 609–10)). *See Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (affirming that the ALJ reasonably discounted physician's opinion which was inconsistent with other medical evidence). The ALJ also noted Mr. Johnson's opinion was

inconsistent with the consultative evaluation of Dr. Richard Ingebretsen, that showed Plaintiff had full strength and flexion in the extremities; normal gait, toe walk, and tandem walk; and no sensory loss; but some decreased range of motion in the spine (Tr. 29, 663–65). The ALJ also recognized that Plaintiff's ability to perform part-time medium work during the relevant period further conflicted with Mr. Johnson's opinion that Plaintiff had extreme physical limitations (Tr. 29).

Plaintiff argues this analysis was insufficient because the ALJ did not adequately specify which treatment notes he was referring to and narrowed his focus to unfavorable treatment records. According to Plaintiff, the ALJ engaged in improper picking and choosing or cherry-picking from the record, citing to *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). The Court disagrees. The ALJ discussed the relevant treatment notes and records throughout the opinion and found the overall record did not support the extreme limitations suggested by Mr. Johnson. The ALJ analyzed consistency and supportability, with ample cross-referencing to other material in Plaintiff's records.

## B. The ALJ Adequately Considered the Opinion of Ms. Iman-Miles

The ALJ engaged in a similar analysis when considering the "marked" mental limitations suggested by Ms. Iman-Miles, a license clinical social worker (Tr. 29, 619–21). The ALJ found the opinion by Ms. Iman-Miles was not well supported with sufficient explanation or by her other two pages of treatment notes and appeared to be based largely on Plaintiff's complaints of chronic pain, which exceeded the counselor's area of specialty (Tr. 29). The ALJ also found the opinion of Ms. Iman-Miles was inconsistent with the objective examination of a consulting psychologist and Dr. Houston's testimony at the first administrative hearing that Plaintiff had no limitations in

most areas of mental functioning (Tr. 29, 76, 660). The Court finds this was an adequate explanation and rationale for the ALJ finding counselor Iman-Miles's opinion unpersuasive.

The Court is also unpersuaded by Plaintiff's argument that the ALJ engaged in "cherry-picking" of the evidence or ignored the unfavorable evidence with respect to Ms. Iman-Miles's opinions. As with Dr. Johnson's opinion, the ALJ discussed other treatment notes and records and found the overall record did not support the extreme limitations suggested by Ms. Iman-Miles's opinion. The ALJ analyzed consistency and supportability, with ample cross-referencing to other material in Plaintiff's records including medical records, the evaluations of other medical consultants, hearing testimony, and the opinions of Dr. Duncan and Dr. Houston (Tr. 23–29).

Although Plaintiff raises concerns about the ALJ's interpretation of the evidence, under the substantial evidence standard the Court is not permitted to reweigh the record evidence. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

### IV. CONCLUSION AND ORDER

For the reasons stated above, the ALJ's decision is supported by substantial evidence and is therefore AFFIRMED, and Plaintiff's Motion for Review of Agency Action is DENIED.

DATED this 22 August 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah